## Turner *against* Fowler.

A testator devised to his daughter N. 4 acres, part of a tract of land, and the remainder of the said tract he devised to his children S. and W., and directed that neither S., W. nor N. should sell their title to the land to any one but him or her who was in possession of the other part of the land; and at the decease of his said three children, (if W. should have no heirs,) then to the male heirs of his other sons: *Held,* that S. W. and N. took life estates, with cross-remainders for life to each; and that there was an executory devise over on the death of the three.

If a devise be made to three, with a condition that neither shall sell to a stranger, but only to each other, and one turn the other out of possession, and claim title otherwise than under the will, the party ousted may sell, and his alienee may maintain ejectment to recover his interest.

ERROR to the common pleas of *Butler* county.

John Fowler against Mary Turner.

This was an ejectment brought to recover one-half of 200 acres of land in Parker township. The plaintiff and defendant claim under a devise from William Turner, dated September 10, 1817, as follows, viz: " I give and devise to Nancy Turner 4 acres of land, part of the tract that I now reside on, to include a spring, at a corner or part most commodious, so as to do the least possible injury to the remainder of said land, to be laid off by my executors; also the remainder of said tract, equally between Sarah and William Turner, together with the cattle, sheep, hogs, and household furniture." After some specific devises to the children of the testator, the will contains the following clause: "and further my will is, that neither Sarah, William, and Nancy, is not to sell their right in or to said land to any but he or she who is in possession of the remainder; and at the decease of the last of said three, (if William has no heirs,) said land is to descend to the male heirs of my other sons."

The plaintiff gave in evidence certain articles of agreement between himself and Sarah Turner, by which, for the consideration therein expressed, she granted him her interest in the land devised. The defendant was the widow of William Turner.

On the part of the plaintiff, one of the witnesses proved that the plaintiff made him a lease, and that William Turner refused to let him into possession unless he took a lease from him. Another witness stated, that in a conversation between him and William, the latter said that a division had been made of the house and barn; that he had nailed up the door by which Sarah Turner had access to her wood and water. Another witness stated, that William told him that he had requested Sarah's assistance in purchasing the land from General Campbell, to which she disagreed. That he told her the will would not hold it, and she said she would hold under the

x.—2 c*

[Turner v. Fowler.]

will; and that owing to the difficulty between them, she had parted with the property: which he told witness he did not regard. That he had purchased the land from General Campbell in order to settle the disputes and make his title clear. That the house smoked, and that he had opened the door and taken possession of it. Another witness proved a conversation between William and Sarah, in which he asked her assistance in building a grist mill and in buying out Campbell's claim, and that on her refusal he bought it; that she was displeased; thought he was going to buy it over her head, and cut her out; said she would put it into the hands of Fowler, and let him work Billy; that William said that the will would not let Fowler purchase from Sarah, and that he claimed under Campbell's title.

The court below charged the jury as follows:

" The defendant contends, that by the will of Sarah, William and Nancy took but life estates, and that the restriction was consistent with the estate. That no acts or conduct of William Turner would give Sarah Turner the power to alienate. If Sarah, by the conduct or acts of William Turner, had the power to alienate, the right of the plaintiff to recover in this ejectment would be the same, whether she took by the devise in the will an estate for life, or an estate in fee simple. If Sarah took but a life estate by the devise in the will, the bounty and intention of her father, the testator, could not be defeated by the acts or conduct of William Turner. If he prevented her from enjoying it, claimed the whole land in his own right, independently of the devise in the will, she might, in the opinion of the court, transfer and sell her right to another. Would the law require her to offer to sell to William, who claimed by a purchase made of General Campbell, the whole land in his own right? We are of opinion that it would not; and that the person to whom she sold, where there is no title shown, in the defendant but the title derived by the devise, would be entitled to recover.

" As this cause will go to the supreme court, and it is important for the parties to prevent future litigation that it be decided, by the court in the last resort, what estate was taken by Sarah, Nancy, and William Turner by the devise in the will; the court therefore instruct you, that Sarah took by the will an estate in fee simple; that the word heirs in the will is a word of limitation; that the restriction is inconsistent with the estate granted, and that Sarah had the right to sell."

The following errors were assigned:

1. The court erred in stating to the jury that the acts and conduct of William Turner, toward Sarah his sister, in relation to the possession of the property, would be sufficient in law to authorize her to alienate her interest in the land.

2. The court erred in charging the jury that Sarah Turner took under the will of her father an estate in fee simple.

*Gilmore,* for plaintiff in error. 1. The condition annexed to a par-

[Turner v. Fowler.]

ticular estate is binding.    4 *Kent* 129–31.    Sarah took only an estate for life.    The general intent governs, unless the word heirs is used in a legal sense; Findlay *v.* Riddle, 3 *Binn.* 139.    The word heirs here means children.    A devise to A, and after his death to his children, is good.

*Purviance,* for defendant in error.    .1. The estate was a fee simple; therefore the restriction was void.    2. Even taking it as an estate for life, with an executory devise over, yet the alienation was good; 3 *Watts* 471; 4 *Rawle* 75; 12 *Wend.* 602; 12 *Johns.* 281; 1 *Serg. & Rawle* 151; 4 *Kent* 273.

The opinion of the court was delivered by

SERGEANT, J.—The testator devises 4 acres of his tract of land, designating the part, to his daughter Nancy.    The remainder of the tract he gives equally between his two other children, Sarah and William Turner, together with the cattle, &c.; and he then declares his will to be, that "neither Sarah, William, and Nancy, is not to sell their right in or to said land to any but he or she who is in possession of the remainder, and at the decease of the last of the said three, (if William has no heirs,) said land is to descend to the male heirs of his other sons."

This is a devise to the three children for their lives, with cross remainders over for life, to the survivors and survivor by implication: for the devise over is not to take effect until the death of all.    There is nothing in the language used that tends to give a fee to Sarah—the devise is of the tract of land, as such, and is limited over, after their decease, to others.    This devise over is an executory devise, of an alternate character, either to the heirs of William, or, if he has none at his death, then to the male heirs of his other sons.    What the nature of these estates over is, it would be improper to decide now, for the parties interested in them are not before us, nor has the question been raised in the cause.

Being entitled, then, to an estate for life, were Sarah Turner the plaintiff in this ejectment, she might recover her moiety of the residue of the tract.    But the defendant contends, that the plaintiff, as her alienee, is not entitled to recover, because the devise to her was accompanied by a prohibition or restriction, that she should not alienate to any but the persons in possession of the remainder of the tract, which, in this instance, it would seem, Nancy was as to her 4 acres, and William as to the residue.    What is the exact legal character of such a restriction in a will, is by no means clear.    It is not expressed in terms of condition, but is merely an expression of the testator's desire or will, that no such alienation should be made. In later times, the expression by a testator of a thing, as his desire or recommendation, where the property and objects are certain, is considered as raising a trust; 3 *Sch. & Lef.* 189; 1 *Bro. Cha. Cas.* 179; *Ambl.* 520; 5 *Madd.* 434; 9 *Mod.* 122, S. C.; 8 *Vin.* 72, *pl.*

[Turner v. Fowler.]

27, though it has been considered by some, that the doctrine has been carried further than is consistent with sound policy and convenience; 1 *Jarman's Pow. Dev.* 354, note. And if any part of the doctrine is open to this observation, it is that which relates to restraints on alienation, which have been always looked at with an unfavourable eye. Taking it, however, as a trust, the effect of it would only be to enable William and Sarah, the other children, who were co-tenants for life, to claim it of the purchaser from Nancy, on tendering to him the value, on the ground that he took the property impressed with the trust. It would have no operation in barring the plaintiff's claim, at present, as purchaser.

Considering it, however, as a condition, (and it is doubtful whether the words are sufficient for that purpose,) the result would be equally unfavourable to the defendant. A condition not to aliene, annexed to a feoffment or devise in fee, is void, being absurd and repugnant. *Co. Litt.* 223. A condition annexed to an estate in tail not to aliene in fee, or in tail, or for life, is good: though to prevent a common recovery, it is void. *Co. Litt.* 223–6. A condition annexed to a lease for life, or years, that the lessee shall not grant over his estate, or let the land to others, is good. *Co. Litt.* 223–6. It is, however, a condition subsequent; one which is to defeat an estate already vested: and it must not only be shown to have been *broken* by alienation, but also that the heir entered for the condition broken; whereas in this case, there is no limitation over to another for the residue of the life estate, in case any of the devisees should aliene to a third person. It is strictly a condition, (if a condition at all,) and not a conditional limitation. There is no evidence that William Turner entered, or claimed to hold the possession under the will, for any condition broken. On the contrary, there is some evidence that he purchased in another title of one Campbell, a different one from the testator's, and claimed to hold the tract under that title. There is no evidence that he ever offered or desired to purchase Nancy's interest. And if, in consequence of this purchase, he claimed the whole land in his own right, independent of the devise in the will, she might then freely transfer and sell the right to another: for by the act of William Turner, in disclaiming the title under the will, she was exempted from the performance of the condition, and in fact disabled from performing it, so far as regarded him. It was to this effect the court below charged, and we think, then, they were right in so charging.

Judgment affirmed.