## Covert *versus* Robinson.

*Construction of devise.—Creation of estates tail.*

A testator devised to his daughters equally, all his real estate, " but if his daughter N. should be called away by death without an lawful heir," then her share to go to the other daughters: after partition, acceptance of her share, conveyance by herself and husband, and proceedings to bar the estate tail, on case stated, as to the title conveyed, it was *Held*, That by the will N. took an estate tail, which, by virtue of the subsequent conveyances, became an estate in fee in the purchaser.

ERROR to the Common Pleas of *Allegheny county*.

This was an amicable action, in which James Robinson was plaintiff, and John J. Covert was defendant; and in which the following case was stated for the opinion of the court :—

" The plaintiff and defendant entered into an article of agreement, on the 1st day of July 1862, whereby they agreed as follows : Plaintiff sold, and did agree to convey, a farm of one hundred and four acres of land in Nottingham township, Washington county, Pennsylvania, to defendant for $4000 ; one thousand dollars to be paid on the 1st day of July 1862, and the balance to be divided into three equal annual payments, to be secured by bond and mortgage on the land, with interest on the same. The plaintiff agreed, that upon the payment of

[Covert v. Robinson.]

$1000, and a tender of the bond and mortgage, to execute and deliver to defendant a deed in fee simple, with covenants of general warranty, clear of all encumbrances; and the plaintiff covenanted that he was the owner in fee simple, and that one Sarah Parkinson or her heirs have no claim or interest whatever in said land, and that any supposed interest that said Sarah Parkinson may have had under the will of her father, upon the contingency of her sister Nancy dying without heirs, was barred by a deed made by said Nancy and her husband, William Youden, to James Patterson, to bar the entail; said defendant, on the 1st of July 1862, and since that time, has refused to pay said $1000, and give said bond and mortgage, although the plaintiff executed and was ready to deliver a deed with general warranty according to his agreement; but the defendant refused to perform his part of the agreement, because he says he is advised that under the will of her father, William Kinny, the said Nancy took but a life estate, unless she should have heirs of her body at her death; and that the said deed of Youden and wife to James Patterson did not bar the entail, and vest the fee in the said Patterson.

" The clause in the will of William Kinny, devising the land to his daughters, is in the following words, viz.: ' Likewise, I give unto my daughter, Sarah Parkinson, and my daughter, Rachel Hall, and my daughter, Nancy Kinny, all my real estate in Washington county, equally divided amongst them; but if my daughter, Nancy Kinny, should be called away by death, without an lawful heir, then I order her share of said estate to be equally divided between my daughters, Sarah Parkinson and Rachel Hall.' This will is dated 24th March 1824.

" After the death of the testator, an amicable division of the land was lawfully and properly made between the three sisters, and the lot of one hundred and four acres, now belonging to the plaintiff, and agreed to be sold to the defendant, was allotted to and accepted by Nancy Kinny. This amicable division took place shortly after the date of the will, within two or three years, and the parties have since that possessed the shares as allotted to them by said amicable division.

" The said Nancy is now living, and has no children; the said Sarah Parkinson and Rachel Hall are dead. The said Nancy, with her husband, William Youden, on the 13th day of March 1842, executed, acknowledged, and delivered, in due form of law, to James Patterson, a deed in fee simple of said tract of land, and after describing the land, are the following words, to wit: ' The estate, title, and interest hereby granted or intended to, being all such interest and estate in the lands aforesaid, by virtue of the devise aforesaid, or any part thereof, by virtue of any partition thereof, either already made, or hereafter to be

made, as the said William Youden and Nancy his wife, or either of them, may claim now or hereafter, in law or equity; they, the said William Youden and Nancy his wife, designing and intending by these presents to bar any entailment or reversionary interest that might, by construction of the devise aforesaid, or of the will aforesaid, be supposed to attach to the estate given as aforesaid to the said Nancy, and they do by these presents declare that the grant hereby made, is an estate in fee simple, by which they intend to cut off, estop, and for ever bar all claims and estate whatever in tail, reversion, remainder, or otherwise; to the end and purpose aforesaid, the said Youden and wife have granted, bargained, and sold by the terms of this indenture, the property hereinbefore described.'

" On the 26th day of May 1842, William Youden appeared in the Court of Common Pleas of Washington county, and by his attorney moved that the said deed of himself and wife to James Patterson, for said land, might be entered of record as sheriffs' deeds were entered, in order to bar the estate tail in said lands, which the court directed to be done; the deed was then forthwith duly entered of record as sheriffs' deeds are entered in the said court, and the whole proceeding was recorded in the recorder's office of said county, in Deed-Book 'A,' vol. 3, pp. 406, 407, and 408, on the same date, to wit, May 26th 1842.

" The said James Patterson afterwards, to wit, on the 30th of May 1842, conveyed the same land to William Youden, and the said Youden and Nancy his wife, by deed dated July 30th 1853, conveyed the same to the said plaintiff in fee.

" Rachel Hall, in her lifetime, released all her claim to said land.

" If the court be of opinion that the said will of William Kinny created such contingent estate, in regard to the portion of land devised to his daughter Nancy, that the same could be barred by the deed of said William Youden and Nancy his wife, to said James Patterson, and was so barred, and that said conveyance did vest the fee simple in said Patterson, his heirs and assigns, clear and discharged of any entail, contingent remainder in other contingent estate created by said will, then judgment shall be entered in favour of the plaintiff for $1000, with interest from the 1st day of July 1862; but if not, then judgment to be entered for the defendant; the costs to follow on the judgment. Either party shall have a right to sue out a writ of error herein."

The court below entered judgment in favour of the plaintiff, which was the error assigned.

*John W. Riddell*, for plaintiff in error.

The defendant's counsel presented no printed argument.

[Covert *v.* Robinson.]

The opinion of the court was delivered, November 2d 1863, by STRONG, J.—We are of opinion that under the will of William Kinny, his daughter Nancy took an estate tail, which, by virtue of the subsequent conveyances, became an estate in fee in the plaintiff below. Manifestly the words in the will, "but if my daughter Nancy should be called away by death, without an lawful heir," mean if she should die without issue, for the devise over is to her sisters. And the sisters are not to take while any issue of the first taker is in existence.

The limitation over, is therefore after an indefinite failure of issue. The case is governed by the principle laid down in Eichelberger *v.* Barnitz, 9 Watts 450. It is quite unlike Turner *v.* Fowler, 10 Watts 325, where the gift of the particular estate was to the first takers for life, and the devise over was to take effect at a defined point of time.

Judgment affirmed.